UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| R.E.S.M.,<br>Petitioner,<br>v.<br>CHRISTOPHER CHESTNUT, Warden of the California City Detention Facility, et al.,<br>Respondents. | Case No. 1:26-cv-02865 DC-CSK<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner R.E.S.M., a noncitizen from Guatemala, filed a verified petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging his re-detention by U.S. Immigration and Customs Enforcement ("ICE").[1] (ECF No. 1.) Petitioner argues that his re-detention without a hearing and his continued detention violates the Administrative Procedure Act ("APA") and his due process rights under the Fifth Amendment. (Id. (claims one through three).) On May 05, 2026, the district court granted in part petitioner's motion for a temporary restraining order and ordered petitioner be provided a bond hearing. (ECF No. 9.) For the following reasons, this

[1] Petitioner filed a verified habeas petition. (ECF No. 1 at 17.) A court "may treat the allegations of a verified . . . petition [for writ of habeas corpus] as an affidavit." L. v. Lamarque, 351 F.3d 919, 924 (9th Cir. 2003) (citing McElyea v. Babbitt, 833 F.2d 196, 197-98 (9th Cir. 1987)).

Court recommends that the petition be granted.

## I. LEGAL STANDARDS

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## II. DISCUSSION[2]

On April 16, 2026, petitioner filed a habeas petition and a motion for a temporary restraining order. (ECF Nos. 1, 4.) On April 16, 2026, the district court directed respondents to file a response to the motion and substantively address whether there are any factual or legal issues in this case that render it distinct from the district court's prior orders in Selis Tinoco v. Noem, No. 1:25-cv-01762-DC-JDP, 2025 WL 3567862 (E.D. Cal. Dec. 14, 2025), Labrador-Prato v. Noem, No. 1:25-cv-01598-DC-SCR, 2025 WL 3458802 (E.D. Cal. Dec. 2, 2025), and D.L.C. v. Wofford, No. 1:25-cv-01996-DC-JDP, 2026 WL 25511 (E.D. Cal. Jan. 5, 2026). (ECF No. 6.) On April 21, 2026, respondents filed a response to the habeas petition, arguing that petitioner is an "applicant for admission" within the meaning of 8 U.S.C. § 1225(b)(2) subject to mandatory detention and that petitioner was re-detained due to his arrest for spousal battery. (ECF No. 7.) On April 21, 2026, petitioner filed a reply in support of his habeas petition. (ECF No. 8.)

---

[2] The factual and procedural background previously presented in the district judge's order is incorporated herein. (See ECF No. 9.)

On May 5, 2026, the district court granted in part petitioner's motion for a temporary restraining order and ordered petitioner be provided a bond hearing within fourteen days of the order. (ECF No. 9.) The district court noted that though respondents refer to petitioner's arrest, they do not assert that petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1226(c). (Id.) The district court reasoned "[t]his court has previously found, however, that where the Government asserts a non-pretextual change in circumstance warranting a noncitizen's detention pending removal proceedings, the proper remedy for the Government's failure to provide the noncitizen with a pre-deprivation bond hearing is a post-deprivation bond hearing." (Id. (citing Chateauneuf v. Chestnut, No. 1:26-cv-01073-DC-JDP, 2026 WL 523695, at *5 (E.D. Cal. Feb. 25, 2026); Mendez Roblero v. Bondi, No. 1:26-cv-01550-DC-CSK, 2026 WL 773740, at *4-5 (E.D. Cal. Mar. 19, 2026)).) The district court granted the motion in part for the reasons explained in Chateauneuf and Mendez Roblero, denied immediate release, and referred this action to the assigned magistrate judge for further proceedings. (Id.) Where the parties previously submitted briefs on the merits, briefing is completed. (See Docket.)

After the petition was fully briefed, the Ninth Circuit decided Rodriguez Vazquez v. Bostock, 183 F.4th 1160 (9th Cir. 2026). In Rodriguez Vazquez, the Ninth Circuit rejected respondents' argument, concluding that noncitizens "present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)." Id. at 1165. Therefore, respondents' argument that petitioner is an "applicant for admission" subject to § 1225(b)(2) fails.

Given Rodriguez Vazquez and where the merits briefing was before the district court when it ruled on the motion for a temporary restraining order, this Court recommends that the petition for writ of habeas corpus be granted based on a finding that petitioner was subject to § 1226(a), not § 1225(b)(2) as respondents argued; respondents do not assert that petitioner is detained pursuant to § 1226(c); and that respondents violated petitioner's Fifth Amendment procedural due process rights by re-detaining him without a hearing in March 2026 when he reported to an ICE check-in where petitioner had been previously released by immigration authorities in October 2024 on his own recognizance (claim two). See Rodriguez Vazquez, 183

F.4th 1160; ECF No. 9. Where the district court has previously ordered that petitioner be provided with a bond hearing based on its finding that the Government asserted a non-pretextual change in circumstance warranting a noncitizen's detention pending removal proceedings, the Court does not recommend granting any further relief on the petition. (See ECF No. 9.) Because the resolution of the procedural due process claim (claim two) provides the relief requested, the Court need not reach the remaining claims (claims one and three). See N.K. v. Noem, No. 1:26-cv-0292 KES SAB, 2026 WL 130345, at *1 (E.D. Cal. Jan. 16, 2026); Constantinovici v. Bondi, No. 3:25-cv-2405 RBM AHG, 2025 WL 2898985, at *7 (S.D. Cal. Oct. 10, 2025).

## III. CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus (ECF No. 1) be GRANTED.

2. Where the district court previously ordered that petitioner be provided with a bond hearing, no further relief on the petition is warranted.

3. The Clerk of Court be directed to enter judgment for petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within **seven** days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 29, 2026

Chi Soo Kim

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

csk/resm.2865.frs